IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN MONIER, | § | |
| | § | |
| Plaintiff | § | |
| | § | Civil No. 1:16-cv-581 |
| -v- | § | |
| | § | |
| CITY OF AUSTIN | § | |
| | § | |
| Defendant. | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Plaintiff John Monier and files Plaintiff's Original Complaint.

### I
### PARTIES

1. Plaintiff John Monier is an individual who resides in Travis County, Texas.

2. Defendant, City of Austin is a municipality located in Travis County, Texas.

### II
### JURISDICTION AND VENUE

3. This Court has original jurisdiction to hear this complaint under 28 U.S.C. § 1331, this action being brought under 42 U.S.C. 12101, et seq and 29 U.S.C. § 621, et seq.

4. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367, these claims being so related to the claims in the action within this Court's original jurisdiction that they form part of the same case or controversy.

---

5.  Venue is appropriate because the acts giving rise to this lawsuit occurred within Travis County, Texas in the Western District of Texas.

III
FACTS

6.  From June 1979 until December 2002, Mr. Monier worked as a Registered Sanitarian for the City of Austin.

7.  As a Sanitarian, Mr. Monier inspected restaurants.

8.  During that time, Mr. Monier received good performance reviews.

9.  Unfortunately, from 1998 until 2002, Mr. Monier also developed an alcohol addiction and was diagnosed with alcoholism.

10. In 2002, Mr. Monier successfully completed a 30-day alcohol addiction recovery program.

11. After the program, Mr. Monier was issued a provisional driver's license that allowed him to drive a car for work.

12. Unfortunately, the City of Austin refused to accept this driver's license and immediately transferred him to a desk job.

13. Within months, the City of Austin falsely accused Mr. Monier of abusing sick time because of his pancreatitis, which had been inflamed by his alcohol addiction, and ordered him to quit or be fired.

14. Despite these accusations, Mr. Monier still received satisfactory performance evaluations.

15. Mr. Monier retired from the City in December 2002.

16. Mr. Monier has been sober for over ten years.

17.   In fact, Mr. Monier has check ups with a medical specialist every three months to verify that he is fully recovered and currently capable of work.

18.   Since becoming sober, Mr. Monier has repeatedly reapplied to open Sanitarian positions at the City of Austin.

19.   Since June 2005, Mr. Monier has routinely applied for any open Sanitarian positions, including in November 2012 and January 2013.

20.   When Mr. Monier was not considered for either of those positions, he filed charge of discrimination with the EEOC on April 18, 2013.

21.   A few months later, on August 5, 2013, David Lopez, Manager, Environmental Health Services for the City of Austin sent an email to Department supervisors stating that under no circumstances would John Monier ever be hired as a Sanitarian.

22.   The stated reason for this across-the-board ban was Mr. Monier's employment history and David Lopez's personal knowledge and observations of Mr. Monier when they worked together in 2002.

23.   Mr. Lopez knew at the time he sent the email that he was engaging in unlawful retaliation because he expressly told everyone to keep his orders confidential and not discuss it with anyone.

24.   Obviously, the August 5, 2013 email was sent in retaliation for Mr. Monier's charge of discrimination and because of Mr. Monier's prior alcoholism.

25.   This standing order is still in effect today.

26.   In October 2014, Mr. Monier applied for another open Sanitarian position.

27.   This time, Mr. Monier was rejected because of his prior EEOC activity, his prior alcoholism, and because of his age.  In fact, three of the four individuals on the interview panel for the October 2014 job received David Lopez's email ordering the department to disregard any and all applications from Mr. Monier.

28.   Mr. Monier is 62 years old.

29.   The City of Austin hired three people for open Sanitarian positions in December 2014.  They were all over 30 years younger than Mr. Monier.

30.   These people were also less qualified than Mr. Monier.  For example, Mr. Monier has 23 years of experience as a Sanitarian.  Of the three people hired in December 2014, two of them have no experience and one has less than 5 years of related experience.

31.   Mr. Monier has complained several times to the City of Austin that he believes he is being discriminated against because of his prior alcoholism.

32.   Furthermore the City has blackballed him so that his applications are rejected not only by the City Health Department, but by neighboring cities and counties, as well.

33.   Mr. Monier filed a charge of discrimination with the EEOC on April 3, 2015.

34.   On February 18, 2016, he received the right to sue.

35.   All conditions precedent to the filing of this suit have been met.

IV
FIRST CAUSE OF ACTION: ADA DISCRIMINATION

36.   Plaintiff incorporates paragraphs 1-35 as if restated herein.

37. Defendant is an employer under the Americans with Disabilities Act.

38. Plaintiff's prior alcoholism is a disability as defined by the Americans with Disabilities Act.

39. Plaintiff's prior alcoholism is perceived by City of Austin as a disability as defined by the Americans with Disabilities Act.

40. Plaintiff was qualified for the October 2014 Sanitarian position.

41. Because of Plaintiff's disability and perception of his disability, the City of Austin will not consider Mr. Monier for a Sanitarian position.

42. Defendant violated the ADA when, among other things, it refused to consider Mr. Monier's application for open Sanitarian positions in October 2014.

## V
## SECOND CAUSE OF ACTION: ADA RETALIATION

43. Plaintiff incorporates paragraphs 1-42 as if restated herein.

44. Plaintiff engaged in protected activity when he filed a charge of discrimination in 2013 alleging disability discrimination.

45. Defendant violated the ADA when David Lopez sent out an email stating that under no circumstances would Mr. Monier be hired as a Sanitarian and when Mr. Monier's application was not considered for the October 2014 Sanitarian positions.

## VI
## THIRD CAUSE OF ACTION: ADEA DISCRIMINATION

46. Plaintiff incorporates paragraphs 1-30 as if restated herein.

47. Defendant is an employer under the Age Discrimination in Employment Act.

48.    Plaintiff is over the age of 40.

49.    Plaintiff was qualified for the position.

50.    Defendant did not hire plaintiff.

51.    Defendant instead hired employees who were at least 30 years younger than Plaintiff.

52.    Defendant actions violated the ADEA.

VII
FOURTH CAUSE OF ACTION: TEXAS LABOR CODE DISCRIMINATION

53.    Plaintiff incorporates paragraphs 1-52 as if restated herein.

54.    Defendant is an employer under Chapter 21 of the Texas Labor Code.

55.    Plaintiff has a disability and is perceived to have a disability under the Chapter 21 of the Texas Labor Code.

56.    Plaintiff is over the age of 40.

57.    Defendant violated the Texas Labor Code when discriminated against Mr. Monier because of his disability and age.

VIII
FIFTH CAUSE OF ACTION: TEXAS LABOR CODE RETALIATION

58.    Plaintiff incorporates paragraphs 1-57 as if restated herein.

59.    Plaintiff engaged in protected activity when he filed a charge of discrimination with the EEOC.

60.    Defendant violated the Texas Labor Code when it refused to consider MR. Monier's applications because of his charge of discrimination.

IX
JURY DEMAND

61.   Plaintiff demands trial by jury and will tender the appropriate fee.

X<br>DAMAGES

62.   Plaintiff seeks all damages allowed under the law, including monetary relief

and:

(a)   Plaintiff seeks an injunction prohibiting Defendant from engaging in unlawful practices.

(b)   Plaintiff seeks back pay of at least $25,000.

(c)   Plaintiff seeks additional equitable relief as may be appropriate such as reinstatement, promotion, back pay, front pay, and court costs.

(d)   Plaintiff seeks compensatory damages for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in the amount of $300,000.

(d)   Plaintiff seeks reasonable attorney's fees and costs including reasonable expert fees.

(e)   Plaintiff seeks pre and post judgment interest at the maximum rate allowed by law.

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendant be cited to appear and, that upon a trial on the merits, that all relief requested be awarded to Plaintiff, and for such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,
ROB WILEY, P.C.

By:  ___/s/ Colin Walsh___
Robert J. Wiley
Texas Bar No. 24013750
*Board Certified Specialist, Texas Board of*
*Legal Specialization, Labor and Employment*
*Law*
Colin Walsh
Texas Bar No. 24079538

ROB WILEY, P.C.
1011 San Jacinto Blvd., ste 401
Austin, TX 78701
Telephone: (512) 27-5527
Facsimile:  (512) 287-3084
cwalsh@robwiley.com
ATTORNEYS FOR PLAINTIFF